IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| AUDREY ALEXANDER SMITH, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:25-cv-2449-X-BN |
| | § | |
| LOUALLA GRIMES SMITH, ET AL., | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Without paying the filing fee, Plaintiff Audrey Alexander Smith filed a *pro se* complaint. *See* Dkt. No. 3. And United States District Judge Brantley Starr referred the lawsuit to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference.

And the undersigned enters these findings of fact, conclusions of law, and recommendation that the Court should dismiss the complaint with prejudice as frivolous.

## Discussion

A district court is required to screen a civil complaint filed IFP (that is, without payment of the filing fee) and may summarily dismiss that complaint (or any portion of it) if the complaint fails to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

"The language of § 1915(e)(2)(B)(ii) tracks the language of Federal Rule of Civil Procedure 12(b)(6)." *Black v. Warren*, 134 F.3d 732, 733-34 (5th Cir. 1998) (per

curiam).

And "[i]t is well-established that a district court may dismiss a complaint on its own motion under [Rule] 12(b)(6) for failure to state a claim upon which relief may granted." *Starrett v. U.S. Dep't of Defense*, No. 3:18-cv-2851-M-BH, 2018 WL 6069969, at *1 (N.D. Tex. Oct. 30, 2018) (citing *Carroll v. Fort James Corp.*, 470 F.3d 1171 (5th Cir. 2006)), *rec. accepted*, 2018 WL 6068991 (N.D. Tex. Nov. 20, 2018), *aff'd*, 763 F. App'x 383 (5th Cir.) (per curiam), *cert. denied*, 140 S. Ct. 142 (2019).

A district court may exercise its "inherent authority ... to dismiss a complaint on its own motion ... 'as long as the procedure employed is fair.'" *Gaffney v. State Farm Fire & Cas. Co.*, 294 F. App'x 975, 977 (5th Cir. 2008) (per curiam) (quoting *Carroll*, 470 F.3d at 1177; citation omitted).

"[F]airness in this context requires both notice of the court's intention to dismiss *sua sponte* and an opportunity to respond." *Id.* (cleaned up; quoting *Lozano v. Ocwen Fed. Bank, FSB*, 489 F.3d 636, 643 (5th Cir. 2007)); *see also Carver v. Atwood*, 18 F.4th 494, 498 (5th Cir. 2021) ("The broad rule is that 'a district court may dismiss a claim on its own motion as long as the procedure employed is fair.' More specifically, 'fairness in this context requires both notice of the court's intention and an opportunity to respond' before dismissing *sua sponte* with prejudice." (citations omitted)).

And these findings, conclusions, and recommendations provide notice, while the period for filing objections affords an opportunity to respond. *See, e.g., Starrett*, 2018 WL 6069969, at *2 (citations omitted).

A district court has authority to dismiss an action as "factually frivolous" related to claims where "the facts alleged are clearly baseless, a category encompassing allegations that are fanciful, fantastic, and delusional." *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (cleaned up; quoting *Neitzke v. Williams,* 490 U.S. 319, 325, 327-28 (1989)); *see also id.* at 33 (Dismissal "is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them.")).

Smith's rambling and largely incoherent complaint does not assert any cognizable claims or clearly set out the bases of any claim against any specific defendant. *See* Dkt. No. 3. So the complaint should be dismissed with prejudice as frivolous.

Ordinarily, a *pro se* plaintiff should be granted leave to amend her complaint before dismissal, but leave is not required when a plaintiff has already pled her "best case." *Brewster v. Dretke*, 587 F.3d 764, 767-68 (5th Cir. 2009). Smith has failed to state or suggest a cognizable claim or any facts from which a cognizable claim can be inferred. Based on the most deferential review of her complaint, it is highly unlikely that, given another opportunity, Smith could allege cogent and viable legal claims over which this Court has jurisdiction. Thus, the undersigned concludes that granting leave to amend under these circumstances would be futile and cause needless delay.

## Recommendation

The Court should dismiss the complaint with prejudice as frivolous.

A copy of these findings, conclusions, and recommendation shall be served on

all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

    DATED: September 15, 2025

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE